**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

RICO BENTON                                                                                      PLAINTIFF
ADC #97236

V.                                        NO: 5:14CV00287 JLH/HDY

RAY HOBBS *et al*.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
Judge (if such a hearing is granted) was not offered at the
hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Rico Benton, an Arkansas Department of Correction inmate, filed a *pro se*

complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on July 28, 2014, alleging that

Defendants were deliberately indifferent to a risk to his safety when they moved him to the second

floor in violation of medical restrictions saying he should be housed only on the bottom floor.

Plaintiff claims that, as a result of his housing assignment, he fell down a stairway and injured his

back on April 21, 2013.

On January 16, 2015, Defendants Ray Hobbs, William Straughn, Maurice Williams,

Kathleen Lowery, and Connie Jenkins, filed a motion for summary judgment, a brief in support, and

a statement of facts (docket entries #25-#27).  Plaintiff filed a response to the motion and statement

of facts on February 18, 2015 (docket entries #29 & #30).

## I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Defendants assert they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies, that his claims are barred by collateral estoppel, that Defendants were not personally involved in the allegedly unconstitutional conduct, that Plaintiff's rights were not violated, and that they are entitled to immunity.

Exhaustion

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624,

627 (8th Cir. 2003).

Defendants concede that Plaintiff filed two grievances regarding the claims at issue in this lawsuit.  However, Defendants contend the grievances were untimely, and Plaintiff named only one Defendant, Jenkins, in one grievance, and no Defendant in the other.  Thus, Defendants assert that Plaintiff failed to achieve proper exhaustion because the grievances were defective, and that he at most exhausted his claims against Jenkins.  As Defendant assert, although Plaintiff named several individuals in grievance MX-13-00785, no Defendant was named, and that grievance cannot serve to establish exhaustion as to any Defendant.  Jenkins was named in MX-13-00786, which was apparently rejected as a duplicate of MX-13-00785.  Although Defendants assert MX-13-00785 was defective because it was not filed within 15 days of his cell transfer, it was accepted and decided. Under the circumstances, Defendants have failed to meet their burden of proving a lack of proper exhaustion as to Jenkins.  *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012)(PLRA's exhaustion requirements are satisfied if grievance is considered on the merits, even if it could have been denied for procedural deficiencies); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (remedy prison officials keep inmate from using is not "available" for purposes of 42 U.S.C. § 1997e(a)).

Estoppel

Defendants also assert Plaintiff's suit here is barred by the doctrine of collateral estoppel because he already pursued a claim before the Arkansas Claims Commission.  Collateral estoppel is appropriate when four elements are present:  (1) the issue sought to be precluded is identical to the issue previously decided, (2) the prior action resulted in a final adjudication on the merits, (3) the party sought to be estopped was either a party or in privity with a party to the prior action, and

4

(4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action. *Irving v. Domire*, 586 F.3d 645, 647-648 (8th Cir. 2009)(internal citations omitted).

Documents Defendants provided with their motion demonstrate that Plaintiff named Jenkins in raising the exact claim before the Claims Commission as he has in this suit, and Plaintiff's claim was denied after a hearing (docket entry #25-2). Plaintiff cannot re-litigate his Claims Commission action here. In *Steffen v. Housewright*, 665 F.2d 245, 246-7 (8th Cir. 1981), the Court stated that the doctrine of collateral estoppel precluded litigation of a claim for lost property against the defendants after the inmate had pursued the claim before the Claims Commission. *See also Robertson v. Andrews et al.*, ED/AR No. 2:11CV00231 (Plaintiff could not re-litigate matters decided by the Arkansas Claims Commission). The doctrine of collateral estoppel therefore precludes Plaintiff's claims against Jenkins.

Eighth Amendment violation

Even if Plaintiff's claims are not precluded by his Claims Commission action, Jenkins is still entitled to summary judgment. In essence, Plaintiff is challenging the conditions of his confinement because he was housed in a second floor cell in violation of his medical restrictions. To prevail on a condition of confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

Plaintiff testified that Jenkins as a classification officer "should have kn[own]" that he was not to be housed on the second floor, but that she "wasn't doing her job" and checking his medical

5

records before his move (docket entry #25-1, page #10).  Because Plaintiff has offered no evidence that Jenkins actually knew of any restrictions, his claims against her should be dismissed.  *See Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998)("should have known" standard not sufficient to support a finding of deliberate indifference).  Moreover, according to Plaintiff, he was in the upper cell for about a month before the incident, and filed no grievances regarding the transfer before the day of his fall (docket entry #30).  There is no evidence that Jenkins was deliberately indifferent to a substantial risk of serious harm Plaintiff faced.  Jenkins's actions at most demonstrate negligence by leaving him in a second floor cell for about a month despite knowing or being obligated to know of his restrictions.  Negligence, however, is not actionable.  *See Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir.1997) (negligence is not enough to establish Eighth Amendment violation).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #25) be GRANTED, and Plaintiff's complaint be DISMISSED.

2.      Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendant Connie Jenkins.

3.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE in all other respects.

4.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __26__ day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE